# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JATAVIOUS K. WEBSTER,

    Plaintiff,

v.                                                                    Case No. 18-CV-1666

GARY R. GEORGE,

    Defendant.

## SCREENING ORDER

Plaintiff Jatavious K. Webster, who is representing himself, is confined at the Milwaukee County Jail. Plaintiff has filed a complaint alleging that his lawyer violated his Sixth Amendment right to effective representation during his state criminal case. This order resolves plaintiff's motion for leave to proceed without prepaying of the filing fee and screens his complaint.

This case was previously assigned to Magistrate Judge William Duffin. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order dismissing the case.

**Motion to Proceed without Prepayment of the Filing Fee**

The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On October 22, 2018, Judge Duffin ordered plaintiff to pay an initial partial filing fee of $57.66. Plaintiff paid that fee on November 14, 2018. The court will grant plaintiff's motion to proceed without prepayment of the filing fee. ECF No. 2. He must pay the remainder of the fee over time in the manner explained at the end of this order.

**Screening of the Complaint**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**Allegations in the Complaint**

Plaintiff alleges that his attorney, Gary George, provided ineffective representation during his criminal case, Milwaukee County Case Number 2015CF2582, in violation of the Sixth Amendment. According to plaintiff, he pleaded guilty and received an eighteen-year sentence because of George's deficient representation and he completed two years and nine months of

confinement prior to post-conviction relief. Plaintiff states that George's ineffectiveness was uncovered during post-conviction proceedings when he "failed to substantiate the correct essential elements of the offense prior to allowing me to plead guilty, which caused me substantial harm as I was subject to actual jail time because of counsel's ineffectiveness." ECF No. 1 at 2-3.

For relief, plaintiff seeks compensatory and punitive damages.

### The Court's Analysis

According to online court records from plaintiff's criminal case, he pleaded guilty to Wis. Stat. 346.67(1), Hit and Run-Involve Death, and was sentenced to twelve years state prison and six years extended supervision. George was plaintiff's public defender. On April 10, 2018, plaintiff's conviction was vacated and the court subsequently granted his motion to withdraw guilty plea. His case is scheduled for a jury trial for December 17, 2018.

Plaintiff cannot proceed on these allegations under § 1983 because George is not a state actor and was not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Swift v. Swift*, 556 F. App'x. 509, 510-11 (7th Cir. 2014). Therefore, plaintiff's complaint is legally frivolous, and the court will dismiss it. *See McDonald v. White*, 465 F. App'x. 544, 548-49 (7th Cir. 2012) (citing *Polk*, 454 U.S. at 325). Plaintiff may have some remedy in state court or some other forum regarding his attorney's performance, but he does not have a remedy in this court.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint is frivolous.

**IT IS FURTHER ORDERED** that the Clerk's Office document that plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $292.34 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined, Dennis Brand at the Milwaukee County Jail, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this __30th__ day of November, 2018.

    s/ William C. Griesbach  
    William C. Griesbach, Chief Judge  
    United States District Court - WIED

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.